# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1456

_____

Chad Downs

*Plaintiff - Appellant*

v.

Sheriff Garry Bush; Ray County, Missouri

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2025
Filed: July 23, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Chad Downs was twice a pretrial detainee at the Ray County, Missouri jail. Garry Bush was the jail administrator and the Sheriff of Ray County during both detentions. Downs alleges he was deprived of his prescription medication for stress, anxiety, depression, and pain on both occasions. He alleges he suffers lingering symptoms from this deprivation. Downs sued Sheriff Bush in his individual and

official capacities and sued the county itself. The district court[1] dismissed the official capacity claim and granted summary judgment in favor of Sheriff Bush and Ray County on the remaining claims.

We agree with the district court that the official capacity claim against Sheriff Bush is duplicative of the claim against Ray County. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). We also agree Downs waived all but one of his claims by failing to oppose them in his opposition to Sheriff Bush's motion for summary judgment.[2] Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). And while Downs preserved his failure to administer medication claim against Sheriff Bush in his individual capacity, the claim fails because 42 U.S.C. § 1983 cannot be used to sue Government officials on a theory of vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Downs conceded that Sheriff Bush never directly interacted with Downs regarding his medication and wasn't even aware Downs was present at the jail during either of Downs's detentions. R. Doc. 55 at 5–6. We discern no reversible error. See Thompson v. Shock, 852 F.3d 786, 790 (8th Cir. 2017) ("We review grants of summary judgment de novo.").

Accordingly, we affirm pursuant to 8th Cir. R. 47B.

_____

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

[2]His amended complaint also alleged he was held in solitary confinement for no reason and was deprived of a clean, orderly, and odor-free facility, three nutritionally adequate meals a day, at least one hour outside his cell a day, the opportunity to exercise once or twice a week, and drinking water.